## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

BEVERLY F. MELLON
117 Laurel Avenue
Hammonton, NJ 08037

                Plaintiff,

       vs.                               CIVIL ACTION

PRESSLER AND PRESSLER, L.L.P.
7 Entin Road
Parsippany, NJ  07054-5020

                Defendant         NO.

## COMPLAINT

## I.    INTRODUCTION

1.    This is a lawsuit against a large statewide debt collection law firm for violating the strict requirements of the validation notice provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("FDCPA").

2.    Within thirty (30) days of Defendant Pressler and Pressler, L.L.P.'s (hereinafter "Pressler") initial written collection demand to Plaintiff Beverly F. Mellon, (hereinafter "Mellon") Mellon disputed the debt and asked Pressler to verify it.  By statute, a collector such as Pressler must promptly cease all collection efforts, and refrain from filing a collection lawsuit, until verification is provided to the consumer.  Pressler ignored the validation request and refused to provide the requisite validation documents; rather, Pressler filed suit.  Pressler compounded the problem by taking a default judgment, demanding a wage attachment on this modest $500.00 disputed debt and then misrepresenting to the state court that it had never received the validation request that Pressler received by certified mail.

## II.    JURISDICTION

3.    Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

4.    Venue is proper as defendant regularly does business in this district and has caused harm in this district.

## III.    PARTIES

5.    Plaintiff Beverly F. Mellon ("Plaintiff" or "Mellon") is a consumer who resides in Hammonton, New Jersey at the address captioned.

6.    Defendant, Pressler and Pressler, L.L.P. ("Pressler") is a New Jersey professional corporation with a principal place of business in Parsippany, New Jersey and a mailing address as captioned.

7.    Defendant regularly engages in the collection of consumer debts using the mails and telephone.

8.    Defendant regularly attempts to collect consumer debts alleged to be due another.

9.    Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## .    STATEMENT OF CLAIM

10.    On June 3, 2014, Pressler sent an initial collection demand to Mellon seeking to collect on a consumer debt that allegedly had been purchased by Pressler's client Absolute Resolutions VI, LLC. A copy of the June 3, 2014 letter is attached hereto as Exhibit "A" (redacted in part per Fed. R. Civ. P. 5.2).

11.    The June 3, 2014 letter carried the validation notice provided by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g.

12.     In response to the June 3, 2014 letter, Mellon wrote to Pressler on June 12, 2014. Mellon disputed the account and requested validation.  A copy of the June 12, 2014 letter is attached hereto as Exhibit "B" (redacted in part per Fed. R. Civ. P. 5.2).

13.     Mellon's letter to Pressler was sent by certified mail on June 12, 2014 to Pressler at their address of 7 Entin Road in Parsippany, NJ 07054.  A copy of the stamped certified mail receipt establishing mailing is attached hereto as Exhibit "C."

14.     Pressler received Mellon's dispute letter on June 16, 2014 as evidenced by the green card duly stamped by the Postmaster of Parsippany, NJ.  A copy of the stamped green card establishing receipt is attached hereto as Exhibit "D."

15.     Pressler did not respond to Mellon's dispute in a timely manner, nor at any time thereafter.

16.     Instead, on or about September 11, 2014, Pressler commenced a civil action in the Superior Court of New Jersey, Camden County, Special Civil Part at Docket No. DC-009942-14.

17.     Pressler proceeded to take a default judgment against Mellon on or about January 20, 2015.

18.     On or about February 13, 2015, Pressler caused a Writ of Execution to issue on the debt in the claimed amount of $525.41.

19.     Thereafter, Pressler, on behalf of its client, Absolute Resolutions VI, LLC requested that a wage attachment issue against Mellon to collect on this judgment.

20.     Pursuant to the Writ of Execution, a wage attachment thereafter issued to Mellon's employer.

21.     As a result, Mellon's co-workers at her place of employment became aware of the judgment entered against her and the subsequent wage attachment that Pressler issued.

22.     On or about August 23, 2015, Mellon mailed an objection to the execution seeking the wage attachment, docketed on or about August 26, 2015.  In the objection, Mellon again raised the defense that Pressler should not have sued on the claim as it failed to validate the debt under the Act.  A copy of the August 23, 2015 objection letter is attached hereto as Exhibit "E" (redacted in part per Fed. R. Civ. P. 5.2).

23.     By letter dated September 1, 2015, Pressler wrote to the state court with a "letter and attached brief in lieu of a more response to Defendant's objection to Plaintiff's wage execution."  A copy of the September 1, 2015 letter is attached hereto as Exhibit "F" (redacted in part per Fed. R. Civ. P. 5.2).

24.     In the letter to the Court, Pressler acknowledged that "on June 3, 2014 [Pressler] provided [Mellon] thirty (30) days from receipt of said letter to request verification of debt."  But Pressler represented to the Court that "no such request was made during said period."  Pressler went on to also misrepresent to the state court that "despite Defendant's [Mellon's] contention, Plaintiff has no record of the June 4, 2014 correspondence purportedly sent by certified mail."

25.     As noted above, Mellon's dispute/verification request letter was signed for by Pressler's designee and was clearly received by Pressler on June 16, 2014, within the statutory period.

### <u>COUNT I</u>
### <u>(FAIR DEBT COLLECTION PRACTICES ACT)</u>

26.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

27.     Under the FDCPA, a debt collector must "cease collection of the debt" on the date it receives a consumer's request for verification "until the debt collector obtains verification of

the debt." 15 U.S.C. § 1692g(b).  The collector is liable if it continues to collect on the debt until it provides an appropriate verification.

28.     Specifically, Pressler was barred from the filing of the instant lawsuit – and from all subsequent execution activities including the wage attachment – upon receipt of Mellon's timely dispute letter and demand for verification.

29.     As a result, Mellon has had a judgment entered against her, has suffered credit impairment, embarrassment, aggravation and emotional distress.

30.     Pressler willfully misrepresented receipt of the consumer's dispute to the state court, compounding its violation of the law.

**WHEREFORE**, Plaintiff Beverly F. Mellon demands judgment against Defendant Pressler and Pressler, L.L.P. for:

(a)     Actual damages;

(b)     Statutory damages;

(b)     Attorney's fees and costs; and

(c)     Such other and further relief as the Court shall deem just and proper.

## COUNT II
## STATE LAW- ABUSE OF PROCESS

31.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

32.     The collection lawsuit, default judgment and wage execution against Mellon was not warranted by law.  Indeed it was prohibited by law.

33.     The collection lawsuit represented an improper and abusive use of the state court process.

34.     Defendant had an improper purpose in both bringing the suit, taking default, pursuing the wage attachment, and falsifying facts to the state court, *i.e.*, to take advantage of Mellon, a *pro se* litigant.

35.     Pursuing the suit, judgment, execution, and opposing the objection to the wage attachment was done despite the absolute bar erected by 15 U.S.C. § 1692g(b).  This reflects a flagrant disregard for the law and a malicious abuse of process.

**WHEREFORE**, Plaintiff Beverly F. Mellon demands judgment against Defendant Pressler and Pressler, L.L.P. for:

(a)     Actual damages;

(b)     Statutory damages;

(b)     Attorney's fees and costs; and

(c)     Such other and further relief as the Court shall deem just and proper.

## VII.     JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted:

DATE:     OCT 15, 2015

CARY L. FLITTER
ANDREW M. MILZ
Attorneys for Plaintiff

**FLITTER LORENZ, P.C.**
525 Route 73 South, Suite 200
Marlton, NJ 08053-9644
(856) 396-0600

# EXHIBIT "A"

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER
— — — — — —
GERARD J. FELT
STEVEN P. MCCABE
LAWRENCE J. MCDERMOTT, JR.
DAVID B. WARSHAW (NJ,NY & MA)
— — — — — —
MITCHELL L. WILLIAMSON (NJ & NY)
FRANCIS X. GRIMES (NJ & PA)
DARREN H. TANAKA (NJ & NY)
JOANNE L. D'AURIZIO (NJ, NY, DC & FL)
EDWARD STOCK (PA)

**PRESSLER** AND **PRESSLER, L.L.P.**
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Off: 1-973-753-5100
Fax: 1-973-753-5353
— — — — — — — — —
NY Office                                   PA Office
305 Broadway
9th Floor                                   804 West Avenue
New York, NY 10007                          Jenkintown, PA 19046
Off: (516)222-7929                          Off: 1-215-576-1900
Fax: (973)753-5353                          Fax: 1-215-576-7299
Reply to [X] NJ Office [ ] NY Office [ ] PA Office

GERMAN ROZENCRANC (NJ & NY)      DALE L. GELBER
MICHAEL J. PETERS (NJ & NY)      RITA W. AYOUB
GINA M. LO BUE (NJ & NY)         STEVEN A. LANG
MICHELLE LIEBNER (NJ & PA)       ERICA L. FIELDS
CHRISTOPHER P. ODOGBILI          DARYL J. KIPNIS
RALPH GULKO (NJ, NY & PA)        FAITH E. SNYDER
CRAIG S. STILLER (NY & PA)
NICHOLAS J. MADONIA (NJ & NY)
LORI R. CETANI (NJ & NY)
— — — — — — — — — — — — — — — — —
OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

BEVERLY F MELLON                                              06/03/14
117 LAUREL AVE                                      P&P FILE ▮▮6338
HAMMONTON, NJ 080379451                  Amount of the Debt  $525.41

Dear BEVERLY F MELLON

This is to notify you that your account with CAPITAL ONE RETAIL CARD SERVICES, INC. , account # ▮▮▮▮▮▮▮▮▮5283 has been purchased by ABSOLUTE RESOLUTIONS VI, LLC and has been placed with the firm of Pressler and Pressler, LLP for collection.

We shall afford you this opportunity to pay this debt immediately and avoid further action against you. Make your check or money order payable to Pressler and Pressler, LLP and include your File Number ▮▮6338 and remit to:

Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com. We also accept Visa/MasterCard and American Express. If you choose this payment option return this letter along with:

Name as it appears on Credit Card_____
Street # & Zip_____ Expires ____/____
Credit Card # _____/Security Code_____
Amount $ _____
Signature _____

If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us at (888) 312-8600 at extension 5105.

**PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your request in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

# EXHIBIT "B"

CMRRR # 70081830000253612792

To:     Pressler & Pressler

        7 Entin Rd

        Parsippany, NJ 07054-5020

P&P File # ███6339

Cap 1 Acct # ████████5283

In reference to your letter dated June 6, 2014, be advised this alleged account is disputed.  I request validation.

All calls to me at anytime and at any number are inconvenient.

I elect arbitration per the **orignal** cardmember agreement.

Beverly Mellon

# EXHIBIT "C"

# CERTIFIED MAIL™ RECEIPT

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PARSIPPANY NJ 07054

OFFICIAL

HAMMONTON NJ 08037
0037

JUN Postmark Here 2014

06/12/2014

USPS

| | | |
|---|---|---|
| Postage | $ | $0.49 |
| Certified Fee | | $3.30 |
| Return Receipt Fee (Endorsement Required) | | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.49 |

Sent To *Messier & Pressler*

Street, Apt. No.; *7 Entin Rd*
or PO Box No.

City, State, ZIP+4 *Parsippany , NJ 07054-5026*

7008 1830 2000 5367 2792

# EXHIBIT "D"

**R: COMPLETE THIS SECTION**

plete items 1, 2, and 3. Also complete
t if Restricted Delivery is desired.
your name and address on the reverse
at we can return the card to you.
h this card to the back of the mailpiece,
the front if space permits.

Addressed to:

*Ressler + Pressler*

*Venth Rd*

*AR Siappany NJ*

*67054 -5020*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

B. Received by (*Printed Name*)          C. Dat
*Greer Norris*

D. Is delivery address different from item 1?
If YES, enter delivery address below:

3. Service Type
   - ☒ Certified Mail        ☐ Express Mail
   - ☐ Registered            ☐ Return Receipt for Me
   - ☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)

Number
er from service label

**7008 1830 0002 5361 2792**

3811, February 2004        Domestic Return Receipt        10259

# EXHIBIT "E"

August 23, 2015

TEAM 5
Superior Court Of New Jersey
Law Division
Camden Special Civil Part
Hall Of Justice
101 South 5th Street - Suite 150
Camden, NJ 08103-4001

CMRRR # 7015 1520 0003 1540 4323

Docket # DC-009942-14

P&P File:████6338

I am notifying the court of the clerk and judgment creditor's attorney that I object to a wage garnishment of my wages.

Having a wage garnishment will cause undue pain and suffering to my family.

Also, Pressler & Pressler did not follow proper FDCPA procedures and ignored my request of validation and dispute of my account which was sent on June 6, 2014 by CMRRR # 7008 1830 0002 5361 2792

I wish to have judgment vacated and case dismissed with prejudice.

A copy of this letter is being sent to Pressler & Presssler via CMRRR #7015 1520 0003 1540 4430

Thank you
Beverly Mellon

# EXHIBIT "F"

DARYL J. KIPNIS - 023812006

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER

GERARD J. FELT
LAWRENCE J. McDERMOTT, JR.
DAVID B. WARSHAW (NJ, NY & MA)

MITCHELL L. WILLIAMSON (NJ & NY)
RALPH GULKO (NJ, NY & PA)
FRANCIS X. GRIMES (NJ & PA)
DARREN H. TANAKA (NJ & NY)
GERMAN ROZENCRANC (NJ & NY)
MICHAEL J. PETERS (NJ & NY)

**PRESSLER AND PRESSLER, LLP**
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Toll Free: (888)312-8600
Fax: (973) 753-5353

NY Office:
305 Broadway, 9th Floor
New York, NY 10007
Office: (516)222-7929
Fax: (973)753-5353

PA Office:
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Office (215)576-1900
Fax: (973) 753-5353

E-MAIL: Pressler@Pressler-Pressler.com
Please Reply To:
[X] New Jersey Office [ ] New York Office [ ] Pennsylvania Office

ROBERT B. SOZIO
LORI R. CETANI (NJ & NY)
CHRISTOPHER P. ODOGBILI
CRAIG S. STILLER (NY & PA)
JEFFREY E. BONDOC (NJ & NY)
DANIEL E. SCHLOSSBERG (NJ & NY)
VANESA L. RIDORE (NJ & NY)

RITA E. AYOUB
STEVEN A. LANG
DARYL J KIPNIS
HAROLD D. WEST
BARRY A. ROSEN (PA)
CANDACE R. JOHNSON

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

SEPTEMBER 1, 2015

Clerk, CAMDEN Special Civil Part
HALL OF JUSTICE, 101 SOUTH 5TH STREET
CAMDEN, NJ 08103-4001

Re: ABSOLUTE RESOLUTIONS VI, LLC CURRENT ASSIGNEE, [CAPITAL ONE RETAIL CARD
SERVICES, INC., ORIGINAL CREDITOR] vs BEVERLY F MELLON
    Superior Court of New Jersey: Law Division
    Special Civil Part: CAMDEN- Docket No. DC-009942-14
    P&P File Number ████6338

Dear Sir or Madam:

Please accept this letter and attached brief in lieu of a more formal response to Defendant's objection to
Plaintiff's wage execution.

Defendant objects on the basis that she disputes the judgment entered against her as Defendant claims Plaintiff
failed to provide her with validation of the debt.   An initial notice of debt was mailed to Defendant at her
current home address of 117 Laurel Avenue, Hammonton, New Jersey on June 3, 2014 which provided her
thirty (30) days from receipt of said letter to request verification of debt. No such request was made during said
period. Furthermore, court records reflect that Defendant was successfully served with a Summons and
Complaint on September 10, 2014 and no Answer was filed.   Despite Defendant's contention, Plaintiff has no
record of the June 4, 2014 correspondence purportedly sent by certified mail.  Moreover, Defendant fails to
provide any proof that Plaintiff received and signed for said letter.  Defendant failed to make any contact with
this office until May 20, 2015 when she made an offer of settlement.  A copy of said letter is enclosed.

Defendant requests that the judgment against her be vacated and the case be dismissed.  Same is not proper as it
has not been properly brought before the Court by the Defendant nor has the Defendant fails to set forth any
basis in law or in fact that would entitled her to such relief.  A disputed judgment is not an appropriate basis to
deny a wage execution nor is a wage execution hearing a proper forum for such a dispute.

Defendant further objects on the basis of financial hardship.  Same does not substantiate a valid basis to deny
Plaintiff's wage execution, nor has Defendant supplied any documentary evidentiary materials that would
warrant any relief with respect to a wage execution. The New Jersey State legislature has determined the
appropriate amount that judgment creditors are entitled to from a wage execution, and Plaintiff is not requesting
any more.

Absolute Resolutions VI, LLC v Beverly F. Mellon
DC-009942-14
September 1, 2015
Page 2


Plaintiff has obtained a valid judgment against Defendant and is entitled to its wage execution as a matter of law.  As stated in <u>Greate Bay Hotel & Casino t/a The Sands vs Guido</u>, 249 <u>N.J. Super.</u> 301 (App. Div. 1991), a trial court is without discretion when ruling upon an application for wage execution brought on behalf of a judgment creditor pursuant to <u>N.J.S.A.</u> 2A:17-50.  The court pointed out that there were two requirements needed for a wage execution. Said requirements are:  (1) That a judgment of record be entered against the defendant and (2) that the judgment debtor is receiving an income which is subject to garnishment. <u>Id.</u> at 303.

In the present matter, Plaintiff has obtained a valid judgment against Defendant, who is employed and receiving an income which is subject to garnishment.  Plaintiff is entitled to its wage execution under both New Jersey statute and case law, and wishes to proceed.

Plaintiff respectfully requests Defendant's objection be denied. Plaintiff hereby waives its right to appear and shall rely on the papers submitted pursuant to Rule 4:59-1.

Respectfully Submitted,

PRESSLER & PRESSLER,LLP

*s/ Daryl J. Kipnis*
DARYL J. KIPNIS
DJK/AM


CC: BEVERLY F MELLON
      117 LAUREL AVE
      HAMMONTON NJ 080379451

**This communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**